UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELSEY CURTIS,<br><br>                 Plaintiff,<br><br>   v.<br><br>JAMES RIVER INSURANCE COMPANY,<br><br>                 Defendant. | CASE NO. C19-1565 MJP<br><br>ORDER ON MOTIONS IN LIMINE |

THIS MATTER comes before the Court on Plaintiff's Motions in Limine (Dkt. No. 23) and Defendant's Motions in Limine (Dkt. No. 25). Having reviewed the Motions, the Responses (Dkt. Nos. 32, 41), and all related papers, the Court rules as follows:

**I.**     **Plaintiff's Motions in Limine**

**Motion in Limine No. 1** seeks to exclude any argument or discussion about the effect of the lawsuit on insurance rates and premiums. (Dkt. No. 23 at 2.) Plaintiff's Motion in Limine No. 1 is GRANTED.

**Motion in Limine No. 2** seeks to exclude evidence that non-economic damages should be reduced because the sum will grow if invested. (Dkt. No. 23 at 2.) Defendant agrees not to introduce such evidence. Plaintiff's Motion in Limine No. 2 is GRANTED.

**Motion in Limine No. 3** seeks to exclude evidence regarding the filing of motions in limine. (Dkt. No. 23 at 2.) Defendant agrees not to introduce such evidence. Plaintiff's Motion in Limine No. 3 is GRANTED.

**Motion in Limine No. 4** seeks to exclude any evidence not properly disclosed during discovery. (Dkt. No. 23 at 2.) Plaintiff's Motion in Limine No. 4 is GRANTED.

**Motion in Limine No. 5** seeks to exclude evidence of collateral sources, specifically all evidence of Plaintiff's health insurance. (Dkt. No. 23 at 3.) Defendant agrees not to introduce such evidence. Plaintiff's Motion in Limine No. 5 is GRANTED.

**Motion in Limine No. 6** seeks to prohibit any argument that an award of non-economic damages "will not make Plaintiff's pain go away." (Dkt. No. 23 at 4.) Defendant agrees not to make this argument. Plaintiff's Motion in Limine No. 6 is GRANTED.

**Motion in Limine No. 7** seeks to exclude settlement offers made by Defendant after Plaintiff filed her lawsuit on September 13, 2018. (Dkt. No. 23 at 4.) Plaintiff's Motion in Limine No. 7 is GRANTED.

**Motion in Limine No. 8** seeks to exclude evidence that Plaintiff was not wearing a seatbelt. Defendant agrees not to introduce such evidence. Plaintiff's Motion in Limine No. 8 is GRANTED.

**Motion in Limine No. 9** seeks to exclude evidence regarding Plaintiff's initial demand because it violates FRE 408 and is more prejudicial than probative under FRE 403. (Dkt. No. 23 at 5.) Plaintiff's Motion in Limine No. 9 is DENIED.

**Motion in Limine No. 10** seeks to exclude evidence regarding the content of the claim file, the setting of reserves, settlement authority, and evaluation of Plaintiff's UIM claim because Defendant did not produce these during discovery. (Dkt. No. 23 at 6.) Plaintiff's Motion in Limine No. 10 is GRANTED. Defendant may only introduce evidence it has previously produced to Plaintiff.

**Motion in Limine No. 11** seeks to exclude evidence that Plaintiff's expert, Steven Strzelec, was terminated from State Farm allegedly because of anonymous complaints about sexual harassment. (Dkt. No. 23 at 11.) Plaintiff's Motion in Limine No. 11 is DENIED, but Defendant may only introduce evidence regarding the fact that Mr. Strzelec was terminated without discussing any alleged reasons for the termination.

**Motion in Limine No. 12** seeks to exclude evidence that the arbitration clause in the policy should have alerted Plaintiff that a dispute over the value of claims is inherent in settlement negotiations. (Dkt. No. 23 at 13-14.) Plaintiff's Motion in Limine No. 12 is GRANTED.

II. **Defendant's Motions in Limine**

**Motion in Limine No. 1** seeks to exclude reference to the "golden rule" or similar themes. (Dkt. No. 25 at 2.) Plaintiff agrees not to make such references. Defendant's Motion in Limine No. 1 is GRANTED.

**Motion in Limine No. 2** seeks to preclude argument or testimony equating the duty to uninsured motorists with that owed to other first-party insureds. (Dkt. No. 25 at 3.) Defendant's argument that it had a lesser duty of good faith to Plaintiff because she was not a first-party insured is incorrect, especially here, where coverage is uncontested. (Dkt. No. 45 at 2.) "[W]hile the insurer is free to be adversarial in the context of assuming the uninsured driver's

role in response to its insured's claims, it is not free to be adversarial in the context of fulfilling its policy obligations or other duties that apply to it as an insurer." Tavakoli v. Allstate Prop. & Cas. Ins. Co., No. C11-1587RAJ, 2012 WL 6677766, at *7 (W.D. Wash. Dec. 21, 2012). Defendant's Motion in Limine No. 2 is DENIED.

**Motion in Limine No. 3** seeks to preclude Plaintiff's treating physician from offering any opinions because he admits he is not an expert and was not disclosed as an expert witness. (Dkt. No. 25 at 4.) Plaintiff agrees to limit Dr. Davis's testimony to the facts of Plaintiff's treatment and an explanation of the procedures he prescribed. (Dkt. No. 32 at 4-5.) Defendant's Motion in Limine No. 3 is GRANTED.

**Motion in Limine No. 4** seeks to preclude Plaintiff's treating physician, Dr. Moe, from opining on causation because in his deposition he stated that he could not testify to the cause of Plaintiff's nasal drainage. (Dkt. No. 25 at 4-5.) Having reviewed Dr. Moe's full deposition testimony, the Court finds that he provided a sufficient basis for the conclusion that the collision was the cause of Plaintiff's condition. Defendant's Motion in Limine No. 4 is DENIED.

**Motion in Limine No. 5** seeks to exclude evidence of future treatment because Plaintiff has no expert testimony concerning the cost of such treatment. (Dkt. No. 25 at 5-6.) Plaintiff contends she has provided receipts showing the cost of her inhalers and medical records demonstrating the inhalers treat a permanent condition. (Dkt. No. 32 at 6-7.) Further, Plaintiff's treatment providers will testify as to the necessity of future care. (Id.) Defendant's Motion in Limine No. 5 is DENIED.

**Motion in Limine No. 6** seeks to exclude expert Stephen Strzelec's testimony because his expert report reveals that his testimony will be conclusory and he has failed to describe the industry standards that form the basis of his opinion. (Dkt. No. 25 at 7-9.) Without hearing the

testimony, the Court cannot preemptively grant this request.  Defendant's Motion in Limine No. 6 is DENIED.

**Motion in Limine No. 7** seeks to preclude Mr. Strzelec from referring to Defendant's initial offer as the "$0.50 offer."  (Dkt. No. 25 at 9.)  Defendant's Motion in Limine No. 7 is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 22, 2019.

Marsha J. Pechman
United States District Judge